# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. QUINTANA, | CASE NO. 1: 12-cv-00823-AWI-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| STATE OF CALIFORNIA, LABOR STANDARDS ENFORCEMENT, | |
| Defendant. | |

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

On May 18, 2012, plaintiff Charles Quintana ("Plaintiff"), appearing pro se, filed a motion to proceed in forma pauperis. (Doc. 3.) Having reviewed the in forma pauperis application, this Court GRANTS Plaintiff's application.

**II.   Screening Requirement**

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the well pled allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the

1  Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the

2  Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

3        A complaint must contain "a short and plain statement of the claim showing that the pleader

4  is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6  do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.

7  Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

8  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at

9  1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

10 conclusion are not. *Id*. at 1949.

11       A pleading may not simply allege a wrong has been committed and demand relief.  The

12 underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

13 "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United

14 States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

15       If the Court determines that the complaint fails to state a claim, leave to amend should be

16 granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.

17 Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a

18 claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has

19 alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

20 **III.   Complaint Allegations**

21       Plaintiff brings this action against the State of California - Labor Standards Enforcement

22 ("Defendant"). (Doc. 1.)  Plaintiff alleges that, on May 18, 2011, Plaintiff was fired from Quest

23 Diagnostics, Inc. ("Quest") for "no longer meeting the company's expectations."  On April 13, 2011

24 and March 30, 2012, Plaintiff claims to have filed a complaint with Defendant.  Plaintiff alleges

25 Defendant has failed to take any action on his behalf.  Plaintiff does not allege any causes of action.

26

27

28 /././

**IV.    Discussion**

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**A.    Plaintiff's Complaint Fails to Comply With Rule 8**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of AirForce*, 109 F.3d 1475, 1481(9th Cir. 1997).  Although a complaint need not outline all elements of a claim, "[i]t must be possible ... for an inference to be drawn that these elements exist." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Generally, the Court is lenient and liberally construes pro se pleadings.  Plaintiff's Complaint, however, does not contain any causes of action, nor does it provide a legal or factual basis for relief.  Rather, Plaintiff's Complaint, which totals five sentences, concludes that Defendant has "failed to protect [Plaintiff] under the whistle blower statutes" without providing any factual support for such an allegation.  This is insufficient to state a claim for relief under Rule 8's liberal pleading standards.  *Yamaguchi,* 109 F.3d at 1481.

**B.    Jurisdiction**

In order to state a claim in a United States District Court, Plaintiff must establish federal jurisdiction.  Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins*. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994).  Generally, these cases involve diversity of citizenship (in

1  which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of
2  different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331
3  and 1332; *See also, Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed.
4  2d 391 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008, 104 L. Ed. 2d 593
5  (1989).

6       Federal courts are presumptively without jurisdiction over civil actions, and the burden to
7  establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; 114
8  S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua
9  sponte. *Attorneys Trust v. Videotape Computer Products*, Inc., 93 F.3d 593, 594-595 (9th Cir.
10 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what
11 its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th
12 Cir.1988).

13      Plaintiff has failed to establish that federal jurisdiction exists. Indeed, Plaintiff has not
14 alleged any causes of action to establish the Court's basis of jurisdiction. The Complaint does not
15 allege that the parties are citizens of different states, or that the amount in controversy exceeds
16 $75,000.00.

17      **CONCLUSION**
18      For the reasons set forth above, the Court orders as follows:
19      1.     The Court GRANTS Plaintiff's in forma pauperis application; and
20      2.     The Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND. Plaintiff
21           SHALL file an amended complaint within twenty (20) days of the date of service of
22           this Order. If Plaintiff fails to file an amended complaint in compliance with this
23           Order, this action will be dismissed WITH PREJUDICE, for failure to state a claim.
24      IT IS SO ORDERED.
25      Dated:  **July 25, 2012**          /s/ **Barbara A. McAuliffe**
26                                         UNITED STATES MAGISTRATE JUDGE
27
28